SZORC v. ZDANOWSKI et al.

(Supreme Court, Appellate Term. February 5, 1909.)

Courts (§ 189*)—Municipal Courts—Bill of Particulars.
    A justice of the Municipal Court has no power to dismiss a complaint for plaintiff's failure to file a bill of particulars on demand. Proper practice requires that the penalty for the failure be dependent on an order.
    ·[Ed. Note.—For other cases; see Courts, Dec. Dig. § 189.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

---

Action by Katarzyna Szorc against Katarzyna Zdanowski and others. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Elias Rosenthal, for appellant.

Thomas McCole, for respondents.

SEABURY, J.   The return recites that, the action having been called for trial, "the attorney for the defendants moved to dismiss the case because no bill of particulars had been filed by plaintiff," and that thereupon the justice "rendered a judgment in favor of the defendants against the plaintiff dismissing the action on the ground that no bill of particulars was filed after demand having been made for the same and for $17.41 for costs and allowances." As a matter of fact it does not appear from the record that a bill of particulars was demanded; but, even if it had been, it was error to dismiss the complaint. There is no power in a justice of the Municipal Court to dismiss a complaint upon this ground. Proper practice requires that the penalty for the failure to file a bill of particulars should be dependent upon an order. If the bill of particulars is not furnished the defendant may apply to the court for an order preventing the plaintiff from giving evidence as to the matters in reference to which a bill of particulars was ordered. Foster v. Curtis, 121 App. Div. 689, 106 N. Y. Supp. 388.

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.